THE NEW JERSEY BUILDING LOAN AND INVESTMENT COMPANY

*v.*

SOLOMON N. SCHATZKIN et al.

[Decided November 10th, 1906.]

1. A tenant by the curtesy by virtue of title acquired by his deceased wife through conveyances from a mortgagor does not claim an interest in the premises through any conveyance which may be recorded within the Chancery act, section 58, as amended by *P. L. 1903 p. 385*, providing that in a suit to foreclose a mortgage all persons claiming an interest in the premises through a conveyance which may be recorded, and which shall not be so recorded, shall be bound by the proceedings in the suit in the same manner as if they had been made parties thereto, and the mortgagee, on purchasing the premises at the foreclosure sale, is not entitled to a writ of assistance for the summary dispossession of the tenant.

2. A mortgagor conveyed premises to a grantee, who conveyed to a third person, who conveyed to a married woman. At the time the mortgagee filed his bill to foreclose, the married woman was in possession and her deed recorded, but the deed to the third person was not recorded. The mortgagee only made the mortgagor and his grantee and their wives parties.—*Held*, that the husband of the married woman, who after her death claimed the premises as tenant by the curtesy, did not claim the estate under the mortgagor or his grantee, and he was not bound by the decree of foreclosure.

3. A mortgagee purchasing the premises at a foreclosure sale stood by for over two years after the purchase without exhibiting his title to a person in possession under a deed recorded at the time of the filing of the

bill to foreclose, or her surviving husband. They were in possession without notice of the purchaser's title.—*Held*, that the purchaser was barred by laches from obtaining the aid of a court through a writ of assistance for the removal of the husband claiming the premises as tenant by the curtesy.

On proceedings for order for possession and writ of assistance. Motion for order heard on verified petition of purchaser and verified answer of party in possession.

*Mr. John Howard Porter,* for the petitioner.

*Mr. H. Westbrook Winfield,* for the respondent Michael Tresanti.

STEVENSON, V. C.

The petitioner, who was the complainant in the suit, became the purchaser of the mortgaged premises at the foreclosure sale, and received a deed of conveyance from the sheriff dated March 25th, 1904. The only defendants were the original owner and mortgagor, Schatzkin, and his grantee, Hillquitt, and their respective wives. The bill alleges the conveyance of the mortgaged premises to Hillquitt, and also alleges that Hillquitt "now claims to own the same."

As a matter of fact, when the bill was filed July 7th, 1903, one Carmela Tresanti, now deceased, wife of Michael Tresanti, the defendant in these proceedings for possession, was in possession of the mortgaged premises, holding under a warranty deed made to her by the Passaic and Garfield Real Estate Company, bearing date June 6th, 1901, and duly recorded. Although the defendant Morris Hillquitt had conveyed the premises to the Passaic and Garfield Real Estate Company, the deed of conveyance had not been recorded at the time of the filing of the bill, and hence the searcher who examined the records for the purpose of the foreclosure suit presumably reported that the title stood in the name of Hillquitt.

The complainant, however, had full notice of some claim to or interest in the mortgaged premises on the part of Michael Tresanti, or of his wife, the said Carmela, on account of their

occupancy of the same. The petition sets forth that at the time of the filing of the bill Michael Tresanti

"was in possession of the said premises by virtue of a lease or other agreement between him, the said Tresanti, and the said Solomon N. Schatzkin, one of the defendants in the above cause, your petitioner being led to so believe from the fact that payments of interest on the mortgage * * * were made to your petitioner or to its agent by the said Tresanti."

It seems plain that a very little inquiry on the part of the complainant would have disclosed the fact that this Italian family were in possession of the mortgaged premises under a deed to the wife, which had been on record for over two years.

Carmela Tresanti died intestate on March 27th, 1905, leaving her surviving her husband and four minor children. The husband remained in possession of the premises, and although it appears that he supplied the consideration for the conveyance to his wife, a very substantial sum, the inference is that his only interest in the premises is that of tenant by the curtesy. As between himself and his children, he appears beyond all question to be entitled to possession.

The demand for possession was made on June 22d, 1906, two years and three months after the complainant took title from the sheriff, and one year and three months after the life estate of Michael Tresanti commenced. The defendant does not show that either Carmela Tresanti or Michael Tresanti ever had any notice of the foreclosure suit or of the sheriff's conveyance to the complainant until June 22d, 1906, when the demand for possession was made.

1. This is not a case, in my opinion, to which the fifty-eighth section of the Chancery act, as amended, can be applied. *P. L. 1903 p. 385.* Michael Tresanti does not claim "an interest in or encumbrance or lien upon" the mortgaged premises "by or through any conveyance," mortgage, assignment, lien, or any instrument which by any provision of law could be recorded. He claims under no instrument of any kind. His wife Carmela did claim under an instrument which not only could have been recorded, but which in fact was recorded. But if by any construction of this statute Carmela Tresanti would now, if alive,

178          CASES IN CHANCERY.

New Jersey Bldg. Loan and Inv. Co. v. Schatzkin.          72 Eq.

be liable to summary dispossession by a writ of assistance, I think a further and unwarrantable extension of the statute would be necessary in order to make it affect the estate of Michael Tresanti as tenant by the curtesy.

2. The recent decision of the court of errors and appeals in the case of *Strong* v. *Smith, 68 N. J. Eq. (2 Robb.) 703 (1905)*, is cited to sustain the application of the petitioner in this case. It is insisted that that case establishes the doctrine that if it is clearly shown that the party in possession "claims under one who was a party to the suit, and that his legal right of possession is undoubtedly subordinate to the right for the enforcement of which the writ of assistance is prayed," then the complainant may refrain from making such party in possession a party to his foreclosure suit, leave him without notice of any kind that the suit is pending, then purchase the premises at the sheriff's sale, and last of all oust the party in possession by a writ of assistance, leaving him to his remedy by a bill to redeem.

If it is the decree which is enforced in such case, it seems to be enforced, not by compelling the party in possession, whose estate and right of possession have been conveyed under the decree, to submit to such conveyance, but by compelling such party to give way to the superior legal right of possession which the purchaser holds under the mortgage deed. Whether what is thus done, strictly speaking, is the enforcement of the decree and sheriff's deed, or the enforcement of the original mortgage deed, is a question which we need not consider if the same has not been finally answered by this decision of our court of last resort.

It must at all times be kept in mind that no right of trial by jury is involved in the class of cases to which the principles enunciated in *Strong* v. *Smith* are to be applied if courts of equity as well as courts of law may adjudicate in regard to a legal title that there is no question which the party defendant has a right to have submitted to a jury. If the purchasers in these cases were remanded to a court of law they would obtain judgment by order of the court. The decision in *Strong* v. *Smith* permits the court of chancery to exercise the summary powers of a court of law in favor of a purchaser at a sale held

under its decree where the legal right of such purchaser to possession of the land which has been sold, as against the party holding possession, cannot be questioned and could not be questioned in an action of ejectment.

I do not think that it is necessary, for the purposes of this case, to discuss at length or in detail the authoritative exposition of the nature and functions of a writ of assistance contained in the opinion of the court of errors and appeals delivered through Mr. Justice Dixon in this case of *Strong* v. *Smith*. Of course, all such general deliverances are to be construed with reference to the exact facts of the case which is decided. Whether, for instance, the rule formulated by Mr. Justice Dixon applies to a grantee of the whole fee from the mortgagor or later owner of the equity of redemption, or only to tenants who hold under such mortgagor or later owner, perhaps is a serious question which will yet come up for consideration. I cannot find that Michael Tresanti, this tenant by the curtesy in this case, can in any sense be held to claim his estate "under" the original owner, the mortgagor, Schatzkin, or his grantee, Hillquitt, who, with their respective wives, were the defendants in this suit, within the meaning of Mr. Justice Dixon's statement.

3. I think that the laches of the petitioner bars its claim to the summary aid of this court through a writ of assistance. This purchaser stood by for two years and three months without even exhibiting its title to Carmela or Michael Tresanti, who were in possession without notice of such title. During this period the title passed from the party, Carmela, who held it at the time of the sheriff's sale, and an entirely new interest in the mortgaged premises came into existence.

How long will a court of equity permit a purchaser to wait and hold his sheriff's deed in concealment from parties from whom the existence of the foreclosure suit has been also concealed, while the mortgaged premises pass, by a series of conveyances, through a series of owners? The writ of assistance is provided in order to enable a court of equity to enforce the rights of purchasers at sales held under its decrees. It is not an equitable substitute for the action of ejectment at law for general use to put parties in possession of real estate which they are

entitled to possess. I can see no reason why this equitable writ should stand as a substitute for an action of ejectment at law for an indefinite period after the decree, during which period the party claiming possession under the decree has elected to leave his rights unenforced.

It is no answer, in my opinion, to this objection of laches to point out that in the class of cases under consideration the right of the party in possession "is undoubtedly subordinate to the right for the enforcement of which the writ of assistance is prayed." We are dealing with what is equitable, not with what can be accomplished under the oftentimes harsh rules of the common law. Our laws favor the collection of a mortgage debt by the most advantageous possible sale of the mortgaged premises, and discourage the action at law on the bond and the ancient remedy in equity of strict foreclosure. It is the duty of the complainant to make all persons who hold titles to or interests in the mortgaged premises, which are subject to his mortgage, parties to the foreclosure suit in order that the most advantageous sale possible may be had. If there had been a second mortgagee made a defendant to this foreclosure suit, he would have had the power to compel the complainant to bring in the owner of the equity. The complainant appears in this case to have ignored the plainest notice that these Italians were in possession under some kind of a title. The petition alleges that the petitioner inferred that Michael Tresanti was in possession "by virtue of a lease or other agreement," and yet apparently made no inquiry to find out what this lease or agreement was. If it be the necessary result of the decision of the court of errors and appeals in *Strong* v. *Smith* that the peti-- tioner now before this court had a right to be put in possession of the mortgaged premises by a writ of assistance issued against the owner of the equity of redemption in possession of the premises, whose estate he, the petitioner, had refrained from selling, it seems to me that the equitable right which is thus accorded to the petitioner should be prosecuted with diligence, and that delay for over two years, during which a change of title has taken place, may well be held to be a waiver.

The motion for the order for possession will be denied.